UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4152(DSD/SRN)

Said Moussa Gouleed,

        Petitioner,

v.                                                **ORDER**

Timothy Wengler,

        Respondent.

This matter is before the court upon petitioner's objections to the August 14, 2008, report and recommendation of Magistrate Judge Susan R. Nelson. In her report, the magistrate judge recommends that petitioner's 28 U.S.C. § 2254 habeas corpus petition be denied. Based upon a de novo review of the file, records and proceedings herein, the court adopts the report and recommendation in its entirety.

**BACKGROUND**

A jury in Minnesota state court convicted petitioner Said Moussa Gouleed of second-degree unintentional felony murder and he was sentenced to 225 months imprisonment. Gouleed's conviction followed an initial mistrial resulting from the failure of the defense's sole expert witness to disclose tests he completed on autopsy samples. On May 24, 2005, the Minnesota Court of Appeals reversed Gouleed's conviction, holding that it violated the Double Jeopardy Clause of the United States Constitution. The Minnesota

Supreme Court reinstated the conviction on September 7, 2006. On October 2, 2007, Gouleed filed the instant action challenging his conviction. The magistrate judge recommends denial of Gouleed's petition because the Minnesota Supreme Court's decision was neither contrary to nor an unreasonable application of clearly established federal law. The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

## DISCUSSION

Section 2254 provides for habeas relief from a state court judgment if a petitioner establishes that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Williams v. Taylor, 529 U.S. 362 (2000). A decision is contrary to clearly established federal law if it applies a rule that contradicts Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Swartz v. Burger, 412 F.3d 1008, 1009-10 (8th Cir. 2005). An unreasonable application of federal law occurs when a state court applies Supreme Court precedent in an "objectively unreasonable manner." Brown, 544 U.S. at 141; Swartz, 412 F.3d at 1009-10. Habeas relief is not warranted when a federal court concludes that a state court

erroneously applied federal law.  Davis v. Norris, 423 F.3d 868, 875 (8th Cir. 2005) (citing Williams, 529 U.S. at 411).  Rather, "the test is whether the state court's application of the law was unreasonable."  Id.

### A. Contrary to Clearly Established Federal Law

In her report, the magistrate judge determined that the Minnesota Supreme Court's decision did not contradict United States Supreme Court precedent.  Gouleed first argues that the Minnesota Supreme Court's decision was contrary to United States v. Jorn, 400 U.S. 470 (1971), and Illinois v. Somerville, 410 U.S. 458 (1973).

The Double Jeopardy Clause ensures that a person is not subjected to criminal prosecution more than once for any particular crime.  U.S. Const. amend. V; see also United States v. Howe, 538 F.3d 820, 824 (8th Cir. 2008).  In jury trials, jeopardy attaches once a jury is sworn and terminates upon a final verdict of acquittal or conviction.  Howe, 538 F.3d at 825.  Thereafter, the government may not prosecute the defendant again for the same offense.  Id. at 824.  A mistrial granted for manifest necessity, however, is not a jeopardy-terminating event.  Id. at 825.  The test for manifest necessity is "not precise, but often comes down to a calculus of when the public interest establishes a 'high degree' of need to allow a retrial."  United States v. Peoples, 360 F.3d 892, 895 (8th Cir. 2004) (quoting Arizona v. Washington, 434 U.S. 497, 505-06 (1978)).  In making this determination, a court

flexibly considers the facts and circumstances of each case and analyzes whether less drastic alternatives - such as a trial continuance or a jury instruction - obviate the need for a mistrial.  See Somerville, 410 U.S. at 469 (examination of less drastic alternatives required before declaring mistrial); Jorn, 400 U.S. at 487 (court must consider all circumstances in determining manifest necessity); Huss v. Graves, 252 F.3d 952, 955 (8th Cir. 2001) (manifest necessity analysis not rigidly applied).

The Minnesota Supreme Court addressed whether the district court considered alternatives to a mistrial, stating:

> The [district court's] mistrial decision cannot be said to have been made rashly or altogether without consideration of alternatives.  The court took two recesses to allow the parties to ascertain the nature of the violation and to consider remedies.  Discussions in chambers were had.  A continuance and the excision of testimony were at least considered by the court.

State v. Gouleed, 720 N.W.2d 794, 801-02 (Minn. 2006). Noting that the discovery violation "went to the very heart of the state's case," the Minnesota Supreme Court concluded that "the record here, while somewhat lacking, does not present the situation found in Jorn ... where the trial court made no effort to ... take all circumstances into account" Id. at 802. Rather, the district court deliberately considered less drastic alternatives, including a continuance and the excision of testimony, but concluded on the record that a limiting instruction would have been ineffective and a continuation of the trial would have left Gouleed without an

4

expert witness.  See id. at 799.  Compare Jorn, 400 U.S. at 487 (double jeopardy violated when court did not consider continuance, abruptly discharged jury and gave lawyer no time to suggest continuance), and Graves, 252 F.3d at 956 (double jeopardy violated when judge failed to consider supplementing record and did not ask counsel for opinion on mistrial), and Long v. Humphrey, 184 F.3d 758, 761 (8th Cir. 1999) (retrial barred when court did not consider alternatives), and United States v. Dixon, 913 F.2d 1305, 1311 (8th Cir. 1990) (double jeopardy violated when court declared mistrial without recess or consulting attorneys), with United States v. Melius, 123 F.3d 1134, 1139 (8th Cir. 1997) (no double jeopardy violation when court heard parties' arguments and took time to reach mistrial decision).  Upon consideration of the district court's actions, the court adopts the magistrate judge's recommendation that the Minnesota Supreme Court's finding of manifest necessity did not contravene clearly established federal law.

Gouleed next argues that the Minnesota Supreme Court's decision was contrary to United States v. Dinitz, which held that a defendant retains the right to have a particular tribunal hear his case in the event of judicial or prosecutorial misconduct. 424 U.S. 600, 611 (1976). Dinitz, however, is inapplicable because the defense's expert witness caused the mistrial, not the prosecutor or judge.  Therefore, the court adopts the magistrate judge's

recommendation that the Minnesota Supreme Court's decision was not contrary to Dinitz. Accordingly, the court determines that the Minnesota Supreme Court's decision did not contradict clearly established federal law.

### B. Unreasonable Application of Clearly Established Federal Law

The magistrate judge also recommends that the Minnesota Supreme Court's decision was not an unreasonable application of Somerville. Gouleed argues that the Minnesota Supreme Court unreasonably extended the rule of Somerville to a non-procedural context.[1]  (Pet'r Obj. ¶¶ 13-16, 30.)

In Somerville, a jury was impaneled and sworn before the prosecutor realized the indictment was fatally deficient. 410 U.S. at 459. The trial court granted the state's motion for a mistrial after concluding that further proceedings under the defective indictment would be useless. Id. at 460. On appeal, the United States Supreme Court concluded that "a trial judge properly exercises his discretion to declare a mistrial if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial." Id. at 464.

In this case, the Minnesota Supreme Court invoked Somerville when it stated that "striking all or some of [the disputed

---

[1] Gouleed also argues that the Minnesota Supreme Court unreasonably failed to apply Dinitz to the facts of this case. (Pet'r Obj. ¶¶ 25-26, 30.) As noted earlier, however, Dinitz is inapplicable, and the court does not consider this argument.

6

evidence] ... would have been a severe sanction for a discovery violation.  Ordering the case to be retried ... avoided a trial error that would have undoubtedly subjected a verdict of conviction to reversal."  Gouleed, 720 N.W.2d at 802.  As noted by the magistrate judge, however, "the [Minnesota Supreme Court] did not hinge its decision on Somerville's automatic reversal standard." (R&R at 14.)  Instead, the Minnesota Supreme Court concluded that "Gouleed's right to have his trial completed by a particular tribunal is an interest that must be subordinated to the public interest in fair trials designed to end in just judgments." Gouleed, 720 N.W.2d at 802.  Specifically, the Minnesota Supreme Court determined that "to permit the defendant's key witness to commit a serious discovery error and then to bar retrial of the case would not serve the principles rooted in the double-jeopardy doctrine."  Id. at 803.  Therefore, even if extension of Sommerville to a non-procedural context was an unreasonable application of Supreme Court precedent, it was not the basis for the Minnesota Supreme Court's holding.  Accordingly, the court adopts the magistrate judge's recommendation.

**CONCLUSION**

Based upon the above, **IT IS HEREBY ORDERED** that:

1.   Gouleed's objections [Doc. No. 13] to the magistrate judge's report and recommendation [Doc. No. 12] are overruled; and

2.  Gouleed's request for habeas corpus relief [Doc. No. 1] is denied.

Dated:  January 8, 2009

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court